## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RUSSELL K. OGDEN, BEATRICE HAMMER
and JOHN SMITH, on behalf of themselves and
a class of persons similarly situated,

      Plaintiffs,

      v.

PETE FIGGINS, in his official capacity as
Sheriff for Wilson County, Kansas,

      Defendant.

Case No. 16-2268-JAR

### MEMORANDUM AND ORDER

Plaintiffs Russell Ogden, Beatrice Hammer, and John Smith, individually and on behalf of others similarly situated, assert claims against Defendant Pete Figgins, in his official capacity as Sheriff of Wilson County, Kansas, alleging violations of the First and Fourteenth Amendments to the United States Constitution.  This matter comes before the Court on Plaintiffs' Motion for Class Certification (Doc. 4).  Defendant has not responded to the motion and the time to do so has passed.  The motion can therefore be granted for failure to file a response.  Additionally, the Court grants the motion for the reasons stated below.

I.  **Background**

The following facts are based on the allegations taken from Plaintiffs' Complaint.[1] Plaintiffs are all family members of inmates at the Wilson County Correctional Facility (the "Jail").  Plaintiff Russell Ogden is the father of Tab Ogden, an inmate at the Jail, and is the legal guardian of Tab Ogden's two children.  Plaintiff Beatrice Hammer is the grandmother of Andrew

---

[1]*See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999) (citation omitted) (explaining that for purposes of motion to certify class under Fed. R. Civ. P. Rule 23, the Court may accept plaintiffs' substantive allegations as true).

Clines, who is currently incarcerated at the Jail.  Plaintiff John Smith is the cousin of Andrew

Clines.  Plaintiffs challenge a policy ("Postcard-Only Policy" or the "Policy") instituted by

Defendant Pete Figgins, Sheriff of Wilson County, Kansas, whereby all outgoing and incoming

mail sent by or to a Jail inmate must be written on a pre-paid United States Postal Service

postcard.  The one exception to the Postcard-Only Policy applies to "Legal Mail," which is not

defined, but includes mail sent from an attorney's office.

Under the Postcard-Only Policy, neither the sender nor the intended recipient of a piece

of correspondence sent on something other than a postcard is notified that their communication

has been rejected or the reason for the rejection.  Senders and recipients cannot administratively

appeal or challenge the decision to reject a piece of correspondence.  Plaintiffs allege that under

the Policy, they cannot correspond with inmates about sensitive subjects such as family and

personal relationships, health concerns, financial issues, and the inmates' future re-entry into the

community because of privacy concerns and the abbreviated space available on a postcard.[2]  Jail

visits are an inadequate substitute for letters because of restrictions on visitation times, proximity

of family and friends to the jail, health issues that prevent travel to the Jail, and because such

visits may be inappropriate for young children.  Telephone calls are also an inadequate substitute

because friends and family members cannot telephone inmates at the Jail pursuant to Jail policy,

the cost to make such calls is prohibitively expensive, and fellow inmates may easily overhear

the discussion of sensitive topics.  Thus, Plaintiffs allege that the Policy violates their free speech

and Due Process rights under the First and Fourteenth Amendments to the United States

Constitution.

---

[2]*See* Doc. 1 at 4–6.

## II.      Failure to Respond

Defendant failed to file a response to the motion for class certification and the time to do so has expired.[3]   Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice.[4]

As a result of Defendant's failure to respond, the Court may grant Plaintiffs' motion for class certification as uncontested.

## III.     Class Certification Under Rule 23

### A.      General Standards Governing Class Certification

Fed. R. Civ. P. 23 governs class actions in federal court.  The court possesses significant latitude in deciding whether or not to certify a class.[5]   And whether a case should be allowed to proceed as a class action is an intensely fact-based question that is fraught with practical considerations.[6]   In deciding whether the proposed class meets the requirements of Rule 23, the Court may accept Plaintiff's substantive allegations as true, but it "need not blindly rely on conclusory allegations which parrot Rule 23 requirements [and] may . . . consider the legal and

---

[3]*See* D. Kan. R. 6.1(d)(1) (requiring a response to a non-dispositive motion to be filed within fourteen days).  Plaintiffs filed their Class Action Complaint on April 28, 2016.  Doc. 1.  Thus, Defendant's deadline to respond was May 12, 2016.

[4]D. Kan. R. 7.4(b).

[5]*Vallario v. Vandehey*, 554 F.3d 1259, 1264 (10th Cir. 2009) (citing *Shook v. Bd. of Cnty. Comm'rs,* 543 F.3d 597, 603 (10th Cir. 2008)).

[6]*See Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988).

factual issues presented by plaintiff's complaints."[7]  The Court must conduct a "rigorous

analysis" to ensure that Plaintiff's putative class meets the requirements of Rule 23.[8]

 As the party seeking class certification, Plaintiffs must show "under a strict burden of

proof" that their putative class meets the requirements of Rule 23.[9]  Plaintiffs must first satisfy

all four prerequisites of Rule 23(a) by showing that (1) the class is so numerous that joinder of all

members is impracticable, (2) questions of law or fact are common to the class, (3) Plaintiffs'

claims or defenses are typical of the claims or defenses of the class and (4) Plaintiffs will fairly

and adequately protect the interests of the class.[10]  These requirements are more commonly

known as numerosity, commonality, typicality, and adequacy of representation.  If the

requirements of Rule 23(a) are met, Plaintiffs must then show that their case fits within one of

the categories described in Rule 23(b).[11]

## B. Class Definition

 "Prior to determining whether a plaintiff has met the prerequisites of Rule 23(a), the

Court must first address the proposed class definition."[12]  Defining the class is critical because it

identifies the persons (1) entitled to relief, (2) bound by a final judgment, and (3) entitled under

Rule 23(c)(2) to notice.[13]  The Court must ensure that the definition is "precise, objective, and

---

[7]*See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999) (citation omitted).

[8]*D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (quotations and citations omitted).

[9]*Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir. 2006) (citing *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988)); *see also Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct 1184, 1194 (2013).

[10]Fed. R. Civ. P. 23(a).

[11]*See* Fed. R. Civ. P. 23(b).

[12]*Jackson v. Ash*, No. 13-CV-2504-EFM, 2014 WL 1230225, at *2 (D. Kan. Mar. 25, 2014) (citing *Eatinger v. BP Am. Prod. Co.,* 271 F.R.D. 253, 257–58 (D.Kan.2010)).

[13]*Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 670 (D. Kan. 2008) (quoting Manual for Complex Litigation § 21.222, at 270 (4th ed. 2005)).

presently actionable."[14]  Here, Plaintiffs seek to certify a class consisting of "all current and future outside correspondents who wish to write letters to, and/or receive letters from, inmates in the Wilson County Correctional Facility and who are subject to or affected by the Postcard-Only Mail Policy."[15]  Defendant does not object to Plaintiffs' proposed class definition, and the Court finds that the definition sufficiently identifies the persons entitled to relief, bound by a final judgment, and entitled to notice under Rule 23(c)(2).

### C.      Prerequisites Under Rule 23(a)

### 1.      Numerosity

In order to meet the numerosity requirement under Rule 23(a)(1), the plaintiff must "establish that the class is so numerous as to make joinder impracticable."[16]  A plaintiff need not allege the exact number and identity of the class members, but must only establish that "joinder of all class members is impracticable" through "some evidence or reasonable estimate [of] the number of class members who may be involved."[17]  There is no set formula for determining whether a plaintiff meets this requirement, but courts have found that classes as small as seventeen to twenty members can satisfy the numerosity requirement.[18]  Further, a "good faith estimate of at least 50 members" is a sufficient size to maintain a class action.[19]  A number of other factors are relevant in determining whether joinder is impracticable, including the

---

[14]*Id.*

[15]Doc. 5 at 1.  To be clear, Plaintiffs seek to certify a class consisting of outside correspondents of inmates held at the Jail.  The proposed class does not include the inmates themselves.

[16]*Trevizo*, 455 F.3d at 1162 (citation omitted).

[17]*Heartland Comms. v. Sprint Corp.*, 161 F.R.D. 111, 115 (D. Kan. 1995) (citing *Rex v. Owens*, 585 F.2d 432, 436 (10th Cir. 1978)).

[18]*Jackson*, 2014 WL 1230225 at *3; *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2013 WL 3819928 (D. Kan. July 24, 2013) (citing *Rex v. Owens ex rel. State of Okl.*, 585 F.2d 432, 436 (10th Cir. 1978)).

[19]*Rex*, 585 F.2d at 436; *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 613 (D. Kan. 1995).

"geographic diversity of class members" and the "relative ease or difficulty in identifying members of the class for joinder."[20]

Here, Plaintiffs maintain that the class size consists of at least 40 people, because the average daily population of the jail is currently 35 to 40 inmates, and the postcard-only policy applies to all inmates as well as their families, friends, and outside correspondents.[21]  Plaintiffs also contend that the fluid nature of the proposed class makes identifying class members difficult, if not impossible.  The Court agrees. Here, the class is larger than other classes that courts have recognized, and the ever-changing nature of jail populations makes identification of all of the class members nearly impossible.  Therefore, because Plaintiffs have identified a reasonably large proposed class that may include other future members, the Court finds that Plaintiffs have met the numerosity requirement.

### 2.      Commonality

Rule 23(a)(2) requires Plaintiffs to show that there are questions of law or fact common to the class, or, in other words, that members of the putative class "possess the same interest and suffer the same injury."[22]  Plaintiffs' claims must depend upon a common contention "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[23]  Therefore, it is not the raising of common "questions" that matters, but rather "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of

---

[20]*Tommey v. Computer Scis. Corp.*, No. 11-CV-2214-EFM-GLR, 2013 WL 1304186, at *3 (D. Kan. Mar. 27, 2013).

[21]*See Jackson*, 2014 WL 1230225 at *3 (finding that class size was at least 327, because the jail's inmate capacity was 327 and the postcard-only policy applied to all inmates, as well as family, friends, and other outside correspondents).

[22]Fed R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011).

[23]*Id.*

litigation."[24]  "[C]ommonality requires only a single issue common to the class.  Thus, [t]he commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."[25]

Here, Plaintiffs identify the common questions of law as:

a.  The scope and nature of defendant's Postcard-Only Mail Policy;
b.  the scope, criteria, and process for invoking the alleged "privileged mail" exception to defendant's Postcard-Only Mail Policy;
c.  the scope and nature of defendant's interests and/or justifications in instituting and maintaining the Postcard-Only Mail Policy;
d.  whether the defendant's Postcard-Only Mail Policy provides either the sender or intended recipient of any rejected communication with any notice of, reasons for, or opportunities to challenge, the Jail's censorship of protected speech; and
e.  whether the application of defendant's Postcard-Only Mail Policy violates the rights of the members of the Proposed Plaintiff Class under the First and Fourteenth Amendments to the U.S. Constitution.[26]

These allegations adequately support a finding of commonality.  While the Postcard-Only Policy may affect each correspondent differently, it is clear that the constitutionality, scope, and notice provided under the policy are issues common to all members of the class.[27]  Therefore, the Court finds that Plaintiffs have satisfied the Rule 23(a)(2) commonality requirement.

### 3.   Typicality

Rule 23(a)(3) requires that the representative plaintiffs possess the same interests and suffer the same injuries as the proposed class members.[28]  Thus, the class representative must "be a member of the proposed class, have interests coextensive with and not antagonistic to the

---

[24]*Id.* (emphasis in original).

[25]*J.B. ex rel. Hartz v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999).

[26]Doc. 5 at 5–6.

[27]*See Jackson*, 2014 WL 1230225 at *4 (finding, in an analogous case challenging postcard-only policy in a county jail, that constitutionality of policy was an issue common to all inmates, thereby supporting a finding of commonality).

[28]Fed R. Civ. P. 23(a)(3); *see also DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010).

interests of the class, and have suffered the same injury as the class members."[29]  The class representative's claims may differ factually so long as they arise from the same events or course of conduct and are based on the same legal or remedial theory.[30]  Here, the Plaintiffs and all members of the proposed class are currently subject to, or will be subject to, Defendant's Postcard-Only Policy.  Further, the named Plaintiffs' claims—that the Policy violates the free expression and Due Process guarantees of the First and Fourteenth Amendments to the United States Constitution—are identical to the claims of all current and future members of the class.[31] This meets the requirements for typicality.

### 4.    Adequacy

The final Rule 23(a) requirement is that the named plaintiffs and their counsel will adequately represent the class.[32]  Rule 23(a)(4) involves two inquiries: (1) do the named Plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?[33] To defeat class certification, a conflict must be fundamental and go to the specific issues in controversy.[34]  A fundamental conflict exists where some members of the class claim harm

---

[29]*Commander Props. Corp. v. Beech Aircraft Corp.*, 164 F.R.D. 529, 535 (D. Kan. 1995) (citations omitted).

[30]*Id.* (citation omitted).

[31]*See Jackson*, 2014 WL 1230225 at *4–5 (finding in analogous case that named plaintiffs' "claims, legal theories, interests, and suffered injury" were typical of all current and future class members).

[32]Fed. R. Civ. P. 23(a)(4).

[33]*E Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002); *Pinkston v. Wheatland Enters., Inc.*, No. 11-CV-2498-JAR, 2013 WL 1302053 (D. Kan. Mar. 27, 2013).

[34]*Eatinger v. BP Am. Prod. Co.*, 271 F.R.D. 253, 260 (D. Kan. 2010).

through a representative plaintiff's conduct that resulted in a benefit to other class members.[35]
Minor conflicts will not defeat class certification.[36]

Plaintiffs contend that the proposed class attorneys have extensive experience in class
action cases involving federal civil rights claims for prisoners, and have the resources necessary
to litigate this action.[37]  As Plaintiffs note, the proposed class counsel have previously litigated a
similar class action challenging the constitutionality of a correctional facility's postcard-only
policy in this District.[38]  Further, Plaintiffs contend that because they seek only injunctive relief
against the Policy, they have no interests antagonistic or in conflict with the interests of members
of the class.  Defendants have identified no such conflicts, and the Court is aware of none.
Therefore, the Court finds that Plaintiffs have satisfied the requirement of Rule 23(a)(4)
concerning adequacy of representation.

### D.      Rule 23(b) Requirements

After satisfying the prerequisites under Rule 23(a), Plaintiffs must demonstrate that the
proposed class action fits within one of the three categories described in Rule 23(b).  Here,
Plaintiffs seek to proceed under Rule 23(b)(2), which states "[a] class action may be maintained
if Rule 23(a) is satisfied and if . . . the party opposing the class has acted or refused to act on
grounds that apply generally to the class, so that final injunctive relief or corresponding
declaratory relief is appropriate respecting the class as a whole."[39]  The Tenth Circuit has

---

[35]*Id.*

[36]*Id.*

[37]Doc. 5 at 9.

[38]*See Jackson*, 2014 WL 1230225 (listing Plaintiff's counsel as attorneys in analogous postcard-only policy
case).

[39]Fed. R. Civ. P. 23(b)(2).

interpreted this to "require that a class must be amenable to uniform group remedies."[40]  Here, Plaintiffs seek one remedy, that is, an order enjoining the application of the postcard-only policy, which applies to all members of the class.  Thus, the remedy Plaintiffs seek would apply uniformly to the class as a whole.  Accordingly, the Court finds that Plaintiffs have satisfied the requirements of Rule 23(b)(2).

### E.      Appointment of Counsel Under Rule 23(g)

"An order certifying a class must also appoint class counsel that will adequately represent the interests of the class."[41]  In appointing class counsel, the court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.[42]

Plaintiffs are currently represented by both the American Civil Liberties Union ("ACLU") Foundation of Kansas and the Social Justice Law Collective.  And, as explained above, Plaintiffs' counsel has significant experience in handling class actions involving jail and prison inmates.[43]  Therefore, the Court appoints Plaintiffs' current attorneys as co-lead class counsel for this action.[44]

---

[40]*Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008).

[41]Fed R. Civ. P. 23(g); *Pinkston v. Wheatland Enters., Inc.*, No. 11-CV-2498-JAR, 2013 WL 1302053, at *6 (D. Kan. Mar. 27, 2013).

[42]Fed. R. Civ. P. 23(g)(1)(A).

[43]*See supra*, Part II.C.4.

[44]*See Jackson*, 2014 WL 1230225, at *7 (appointing Plaintiffs' counsel as co-lead class counsel in analogous case).

F.       **Notice Pursuant to Rule 23(c)(2)(B)**

Under Rule 23(c)(2)(A), when a court certifies a class under 23(b)(2), the Court "may direct appropriate notice to the class."[45]  Plaintiffs have not come forward with any potential notice options.  As the Court has explained, this class, consisting of correspondents of inmates at the Jail, is subject to change because of the fluid nature of the Jail's population.  Thus, notice in this case is impracticable, if not impossible.  Accordingly, the Court finds that no particular notice requirements are needed.[46]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Certify Class (Doc. 4) is **granted**.

**IT IS SO ORDERED.**

Dated: August 4, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[45]Fed. R. Civ. P 23(c)(2)(A).

[46]*See Jackson*, 2014 WL 1230225, at *7 (finding that notice was not practicable or necessary in relation to a class analogous to that in this case).